**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| *Daniel Lewis Lee, Plaintiff* <br><br> v. <br><br> *T.J. Watson*, *Warden*, et al. | Case No. 2-20-cv-359-JPH-DLP |

## EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER –

## EXECUTION SCHEDULED FOR 4 A.M. TODAY

Until about an hour ago, the Government was enjoined from executing Plaintiff Daniel Lee Lewis. The Supreme Court vacated that injunction at approximately 2 a.m. Less than fifteen minutes later, the Government rescheduled Plaintiff's execution for 4 a.m. this morning.

The Administrative Procedure Act requires reasoned decisionmaking. *See* 5 U.S.C. § 706(2) (requiring courts to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"); *Judalang v. Holder*, 565 U.S. 42, 53 (2011) ("But courts retain a role, and an important one, in ensuring that agencies have engaged in reasoned decisionmaking."). But the Government offered no explanation for its rescheduling decision and there is none. The Federal Execution Protocol provides that, after an execution has been "stayed," and the stay is vacated, "notice of the new execution date must be given no later than 20 days before the execution." Protocol at 8 (Ex. 1). That waiting period serves an important function in allowing a prisoner a chance to mentally and emotionally prepare himself for death. Although an exception allows the government to give notice "as soon as possible," that exception applies only "if time [does not] permit[]." *Id.* Here, the Government has not even attempted to explain why "time [does not] permit[]" the ordinary twenty day notice period in Plaintiff's case. *Id.*

1

To put a stop to this unlawful action, the Court should *immediately* issue a temporary restraining order under Federal Rule of Civil Procedure 65(b)(1), without awaiting a response from the Government.  A plaintiff is entitled to a TRO when he shows "(1) a likelihood of success on the merits; (2) that it has no adequate remedy at law; and (3) that it will suffer irreparable harm if the relief is not granted" and (4) the balance of the equities.  *Aon Risk Servs. Cos., Inc. v. Alliant Ins. Servs, Inc.*, 415 F. Supp. 3d 843, 847 (N.D. Ill. 2019).

Those factors are all met here. Plaintiff has shown a likelihood of success on the APA claim outlined above.  Lee will suffer irreparably harm when he is executed in less than an hour without receiving adequate time to emotionally and spiritually prepare himself for the end of his life.  That harm is "categorically irreparable"—the injury Lee faces is "death."  *Purkey v. United States*, No. 19-3318, 2020 WL 3603779, at *11 (7th Cir. July 2, 2020).  No legal remedy exists for that harm.

The Government, by contrast, cannot show irreparable harm.  The Government has previously represented that it is capable of scheduling this execution for next month.  Appl. for Stay or Vacatur 8, 36, *Lee v. Barr*, No. 20A8 (U.S. July 13, 2020).  As the Seventh Circuit recently explained, "[a] brief stay to permit the orderly conclusion of the proceedings in this court will not substantially harm the government, which has waited at least seven years to move forward on [Lee's] case."  *Purkey*, 2020 WL 3603779, at *11.  Nor do any supposed practical problems that would result from a  mere one-month delay to allow this Court to fully adjudicate Lee's claims justify denying a TRO.  At bottom, any such claim devolves to the assertion that the Government has already expended resources in preparing to conduct three executions this week and so should be allowed to proceed.  It is well settled that "financial and administrative difficulties" alone do not entitle a party to a stay.  *See, e.g.*, *Buchanan* v. *Evans*, 439 U.S. 1360, 1365 (1978) (Brennan, J., in chambers); *Wisconsin Gas Co.* v. *FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).  Accordingly,

the balance of the equities cuts strongly in Plaintiff's favor:  The brief delay that the Government will suffer pales in comparison to Plaintiff's harm.

Finally, "the public interest is surely served by treating this case with the same time for consideration and deliberation that we would give any case. Just because the death penalty is involved is no reason to take shortcuts—indeed, it is a reason not to do so." *See Purkey*, 2020 WL 3603779, at *11.  That is even more true here.  The Government seeks to conduct this execution in the dead of night.  When most of the country fell asleep, the execution was enjoined.  By the time they wake, absent a TRO, Plaintiff will be dead.  The public's interest in monitoring government action and holding government accountable are not served by the Government's arbitrary haste.  And the public likewise has an interest in a Government that follows procedures compelled by statute.

## CONCLUSION

For the foregoing reasons, Defendant's' motion for a stay pending appeal should be denied.


Dated: July 14, 2020                    \s\ George G. Kouros
                                        George G. Kouros
                                        Assistant Federal Public Defender
                                        Federal Capital Habeas Project
                                        6411 Ivy Lane, Suite 710
                                        Greenbelt, MD 20770
                                        (301) 821-0855
                                        George_Kouros@fd.org