IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| *Daniel Lewis Lee*, *Plaintiff*<br><br>v.<br><br>*T.J. Watson*, *Warden*, et al., *Defendants* | Case No. 2-20-cv-359-JPH-DLP |

**[PROPOSED] COMPLAINT FOR INDIVIDUALIZED
INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Daniel Lewis Lee ("Mr. Lee") brings this complaint seeking injunctive and declaratory relief for threatened violations of the Administrative Procedure Act (APA) stemming from the Government's application of the 2019 Protocol (as defined in the Amended Complaint) to his scheduled execution on July 14, 2020 at 4:00 am.

## I.  Nature of Action

1. Plaintiff Lee was sentenced to death pursuant to the Federal Death Penalty Act. Defendants include the individuals who are charged with carrying out the Plaintiffs' death sentences.

2. In June 2020, the United States Department of Justice announced that Plaintiff Lee's execution would be scheduled for July 13, 2020.

3. On July 9, 2020, the District Court for the Southern District of Indiana granted a preliminary injunction against Lee's execution, concluding that the Government violated the Administrative Procedure Act in scheduling Lee's execution. *See Peterson v. Barr*, No. 2:20-cv-00350 (S.D. Ind. July 9, 2020). The Seventh Circuit vacated that preliminary injunction on July 12, 2020. *Peterson v. Barr*, No. 20-2252 (7th Cir. July 12, 2020). The Supreme Court subsequently denied the plaintiffs' request in that case to stay Plaintiff Lee's execution.

4. On July 13, 2020, the District Court for the District of Columbia granted a preliminary injunction against Lee's execution, concluding that Lee and other plaintiffs were likely to succeed on their claim that the proposed method of execution violates the Eighth Amendment. The D.C. Circuit denied the Government's request to vacate that preliminary injunction. At approximately 2 a.m. on July 14, 2020, however, the Supreme Court granted the Government's request to vacate the District Court's injunction.

5. Less than fifteen minutes later, at approximately 2:15 a.m. on July 14, 2020, the Government rescheduled Plaintiff Lee's execution for 4 a.m. on July 14, 2020.

## II. Parties

6. Plaintiff Daniel Lewis Lee was sentenced to death pursuant to the Federal Death Penalty Act, and is currently scheduled to be executed at 4 a.m. on July 14, 2020.

7. Defendant T.J. Watson is the Complex Warden for the Federal Correctional Complex, Terre Haute (FCC Terre Haute). Defendant Watson maintains an office in Terre Haute, Indiana, and is sued in his official capacity.

8. Defendant William P. Barr is the Attorney General of the United States. He has responsibility for carrying out death sentences against federal prisoners. Defendant Barr maintains an office in Washington, D.C., and is sued in his official capacity.

9. Defendant Michael Carvajal is the Acting Director of the Federal Bureau of Prisons ("BOP"). He is responsible for the supervision and operation of all federal prisons, including USP Terre Haute, where Mr. Lee is scheduled to be executed. Defendant Carvajal maintains an office in Washington, D.C., and is sued in his official capacity.

### III. Jurisdiction and Venue

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises and seeks relief under the laws of the United States, including the Administrative Procedure Act, 5 U.S.C. §§ 702-706, 28 U.S.C. § 2201 (declaratory relief), and 28 U.S.C. § 2202 (injunctive relief).

11. Venue lies in the Southern District of Indiana, where FCC Terre Haute, which includes USP Terre Haute, is located. Venue is also appropriate under 28 U.S.C. § 1391, as venue is proper in any district in which a defendant resides.

### IV. Cause of Action

**Agency Action in Violation of 5 U.S.C. § 706(2)(A)**

12. Plaintiffs reallege and incorporate by references all of the preceding paragraphs of the Complaint as if they were set forth fully below.

13. The APA states that a reviewing court "shall . . . hold unlawful and set aside agency action" that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

14. The agency action here—the setting of Mr. Lee's execution date for July 14, 2020 at 4 a.m.—is arbitrary and capricious and not in accordance with law.

15. Defendants acted arbitrarily and capriciously because they offered no explanation for their rescheduling decision and there is none. The Federal Execution Protocol provides that, after an execution has been "stayed," and the stay is vacated, "notice of the new execution date must be given no later than 20 days before the execution." Although an exception allows the government to give notice "as soon as possible," that exception applies only "if time [does not]

permit[]." Here, the Government has not even attempted to explain why "time [does not] permit[]" the ordinary twenty day notice period in Plaintiff's case.

### Request for Relief

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and that the Court:

a. Grant a declaratory judgment finding that the setting of Mr. Lee's execution date was arbitrary and capricious agency action, and set aside the execution date.

b. Grant injunctive relief prohibiting the BOP from carrying out the execution at the scheduled time.

c. Award attorney's fees and costs as the Court deems equitable and just; and

d. Award such other and further relief as the Court deems equitable and just.

Dated: July 14, 2020  /s/ George G. Kouros
George G. Kouros
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org